**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

EDMUND R. BROWN,                :
                                    Civil Action No. 12-4399 (FLW)
          Petitioner,           :

     v.                         :   **OPINION**

C. RAY HUGHES, et al.,          :

          Respondents.          :

**APPEARANCES:**

> Petitioner pro se
> Edmund R. Brown
> 40569-050
> FCI Fairton
> PO Box 420
> Fairton, NJ 08320
>
> Attorney for Respondents
> Jennifer Lynn Davenport
> Office of the United States Attorney
> 402 E. State Street
> Trenton, NJ 08608

**WOLFSON**, District Judge

Petitioner Edmund R. Brown, a prisoner currently confined at FCI Fairton, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Because Petitioner is not

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation

entitled to relief under that statute, the Petition will be dismissed.

## I.   BACKGROUND

In light of Petitioner's multiple state and federal convictions, his criminal history is rather protracted.  While the disposition of his habeas petition does not ultimately turn on all of these facts stated herein, I include this detailed background section in order to provide context for my ruling.

Petitioner pled guilty on March 3, 2004 to three counts of bank robbery, in violation of 18 U.S.C. § 2113 (a).  USA v. Brown, Docket No. 04-142 (FLW), docket entry 24.  Petitioner was sentenced to a term of imprisonment of 84 months on June 2, 2004.  Id., docket entry 29, 30.  Upon appeal of the conviction and sentence, on November 14, 2005 the Third Circuit Court of Appeals vacated the sentence and the matter was remanded for resentencing.  Id., docket entry 46.  Thereafter Petitioner was sentenced to 72 months of imprisonment.  Id., docket entry 48.  Petitioner again sought relief from the Third Circuit and on August 3, 2006, and the Third Circuit dismissed the appeal.  Id., docket entry 54.

A Petition for Warrant for Offender Under Supervision was signed by this Court on October 25, 2007.  Id., docket entry 55.

---

of the Constitution or laws or treaties of the United States ... .

Petitioner later violated a provision of his supervised release, related to drug use, and pled guilty to that violation on November 2, 2007.  Id., docket entry 60.  This Court then signed a Petition for Summons for the Offender Under Supervision which alleged that Petitioner had agreed to enter inpatient drug treatment, but that Petitioner had left the program without being discharged.  Id., docket entry 62.  Petitioner's conditions of release were then amended to include house arrest and electronic monitoring.  Id., docket entry 63.  Petitioner failed to comply with the requirement of home confinement and left his residence on February 21, 2008.  Id., docket entry 65.

A Petition for a Warrant for Offender Under Supervision was subsequently signed on February 26, 2088.  Id.  Petitioner was arrested pursuant to that warrant on July 2, 2008.  Id., docket entry 66.  At a hearing on July 8, 2008, Petitioner was ordered detained and was sentenced to a 14 month term to be followed by a 22 month term of supervision.  Id., docket entry 68, 70.

Another Petition for Warrant for Offender Under Supervision was entered against Petitioner on August 19, 2009, after he was arrested on August 12, 2009 in Camden County and charged with an assault that allegedly occurred on May 14, 2009.  Id., docket entry 80, 90.  Petitioner was released from the warrant on bail with certain conditions, including continued house arrest and random drug testing.  Id., docket entry 80.  An Amended Petition

for Warrant for Offender Under Supervision was then entered on August 26, 2009 to include Petitioner's failure to report to a probation officer, failure to report for drug testing, and failure to comply with restitution requirements.  Id., docket entry 91.  Additional amended Petitions for Offender Under Supervision were entered against Petitioner, including a Fourth Amended Petition for Offender Under Supervision entered on February 8, 2010 which included violations relating to Petitioner failing to remain under supervision as well as an arrest in Gloucester County on January 27, 2010 that resulted in various criminal charges.  Id., docket entry 99.

Petitioner then pled guilty to the Camden County charges of terroristic threats on March 10, 2010, and, on April 16, 2010, he was sentenced to three years' imprisonment to run concurrent with the pending Gloucester indictment and the federal order of supervision.  See Answer, Exhibit A, B.  On that same date, he was sentenced, on a weapons charge, to a five year term of imprisonment with three years to be ineligible for parole, again running concurrent with the pending Gloucester County charges and the federal order of supervision.  See Answer, Exhibit A.

A Fifth Amended Petition for Offender Under Supervision was then entered in this Court against Petitioner.  This petition included Petitioner's recent guilty pleas and sentencing pursuant to those pleas.  USA v. Brown, Docket No. 04-142 (FLW), docket

4

entry 103. Petitioner appeared with respect to the Fifth Amended Petition on July 20, 2010, on which date he entered a guilty plea regarding the terroristic threats. See Answer, Exhibit C. Petitioner was then sentenced, on that same date, for 10 months of imprisonment with the Court noting that the sentence is "a consecutive term to any state term that he is currently serving." Id. at 22.

Petitioner filed a motion in the Camden County criminal matter to withdraw his guilty plea and vacate the sentence. That motion was granted on September 30, 2011. See Answer, Exhibit D. He was then, on February 24, 2012, sentenced there to four years of imprisonment on that indictment with the sentence to revert back to the original sentencing date. See Answer, Exhibit E, F. On that same date, he was sentenced to four years of imprisonment on additional indictments all stemming from the weapons charges, and those sentences were ordered to run concurrent to the Gloucester County charges. See Answer, Exhibit F, G, I.

Thereafter, Petitioner filed the instant Petition which he brings as a motion for jail credits, seeking credit for a period of state sentence service to be applied toward Petitioner's federal sentence of 10 months of imprisonment. At the time of filing, Petitioner was confined at Southern State Correctional Facility and had not yet entered federal custody. Petitioner has

since been taken into federal custody and is currently detained at FCI Fairton.  See Letter from United States, docket entry 12.

Aside from seeking jail credits related to concurrent sentencing provisions, Petitioner also claims in his Petition that the judgment of conviction is "tainted," and asserts that his term of service should run consecutively to any state court matters.  Petition, docket entry 1, ¶ 10.

Petitioner states in his pleading, as to why he did not file a motion under 28 U.S.C. 2255, that he is "only filing the motion for jail credits only. and [sic] the language of the terms of the sentence."  Petition, docket entry 1, ¶ 13.

## II. DISCUSSION

A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); Massaquoi v. Williamson, 343 Fed.Appx. 809, 810 (3d Cir. 2009).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under

6

attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

B.   Failure to Exhaust Administrative Remedies

This Court lacks subject matter jurisdiction under § 2241 to consider the Petitioner's challenge to his sentence calculation. At the time that Petitioner filed his Petition, he had not yet entered federal custody, hence calculation of his sentence by the Bureau of Prisons ("BOP") was not yet ripe for determination.

More to the point, since calculation of his federal sentence had not yet occurred, it would have been impossible for Petitioner to have exhausted any administrative remedies with respect to any sentence calculation by the BOP.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, Third Circuit case law holds that a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3)

7

>providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Under this doctrine, an inmate may file a § 2241 habeas petition to challenge the BOP's application of his sentence only after exhausting available remedies.  See U.S. v. Morel, Civ. Action No. 12-2508, 2012 WL 6621463, *1 (3d. Cir. Dec. 19, 2012).

To be clear, exhaustion of administrative remedies is not required where exhaustion would not be futile or would subject the Petitioner to irreparable injury.  See Senior v. Zickefoose, Civ. Action No. 12-0127, 2013 WL 875973, *2 (D.N.J. Mar. 7, 2013); see, e.g., Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury"); Pinet v. Holt, 316 Fed. Appx. 169, 171 (3d Cir. 2009) (citing Moscato, 98 F.3d at 760-761, to note that an inmate must first exhaust administrative remedies before bringing a § 2241 habeas petition but may

8

overcome the procedural requirement if the administrative process is no longer available to him and can show cause and prejudice).

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Here, Petitioner has not demonstrated that he has attempted to pursue available administrative remedies in any way, nor has he stated that pursuit of such remedies would be futile. According to the Declaration of Tara Moran,[2] legal assistant with the Federal Bureau of Prisons, a search of the computerized index conducted on October 1, 2012 indicated that Petitioner had never filed any exhaustion forms related to his sentence calculation. Declaration of Tara Moran, docket entry no. 10-1, ¶5.  Therefore, even assuming that his attempt to exhaust administrative remedies would not be premature, Plaintiff has not provided the Court with any basis for excusing his failure to exhaust.

That said, Petitioner has since been transferred into federal custody.  At this time, the BOP will likely assess his request for sentence credits if they have not already done so. Upon such a decision, if Petitioner is dissatisfied with the BOP's determination,  Petitioner must then exhaust his administrative remedies before filing any subsequent challenge pursuant to section 2241.

In sum, since Petitioner has not exhausted his administrative remedies in this matter before filing the instant petition, and since Petitioner has not demonstrated any futility related to potential exhaustion, or that exhaustion would subject him to irreparable injury, the petition must be dismissed for

---

[2] Submitted as attachment #1 to the response.

failure to exhaust.  Accord Armstrong v. Grondolsky, 341 Fed.Appx. 828, 832 (3d Cir. 2009) (citing, with approval, Armstrong v. Lappin, D.C. Civ. No. 07-2573 (S.D.N.Y.), which dismissed a petitioner's § 2241 suit as premature, and for failure to exhaust, where the suit was based upon the petitioner's belief that the BOP would refuse to credit him time).

C.   Other Claims

With respect to Petitioner's claims that the sentencing court erred, this Court lacks jurisdiction under section 2241 to hear those claims.  As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), Section 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 Fed.Appx. 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Thus, to the extent that Petitioner here seeks to challenge the imposition or length of his sentence, any such challenges must be brought on either direct appeal, or as a motion pursuant to section 2255.

11

Accordingly, this Court does not have jurisdiction to consider his claim under section 2241.[3]

### III. CONCLUSION

For the reasons set forth above, the petition will be dismissed for lack of jurisdiction. An appropriate order follows.

Dated: May 14, 2013

s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[3] In <u>Dorsainvil</u> the Third Circuit held that a prisoner may resort to § 2241 where the remedy provided by § 2255 is "inadequate or ineffective." 119 F.3d at 251. Section 2255 is inadequate or ineffective where, for example, the prisoner previously filed a § 2255 motion on other grounds and "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." <u>Id.</u>; <u>accord</u> <u>Robinson v. Bledsoe</u>, 467 Fed.Appx. 103, 104-05 ("We have held that § 2255 is inadequate or ineffective where an intervening change in substantive law has potentially made the conduct for which the petitioner was convicted non-criminal.") In this case, Petitioner has not alleged that a § 2255 motion would be inadequate or ineffective.

12